**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:13-cv-92**

| | | |
|---|---|---|
| LILY'S LOVING ARMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| QUINTESSENTIAL TOTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Lily's Loving Arms, LLC brings this action for design patent infringement, trade dress infringement, and unfair and deceptive trade practices, against Defendant Quintessential Tots, LLC, and alleges as follows:

## THE PARTIES

1. Plaintiff Lily's Loving Arms, LLC is a limited liability company organized and existing under the laws of the State of North Carolina, with a principal place of business in Mecklenburg County, North Carolina.

2. Defendant Quintessential Tots, LLC is a limited liability company organized and existing under the laws of the State of Illinois, with an office and principal place of business located at 1665 Quincy Avenue, Unit 179, Napierville, Illinois 60540.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims for patent infringement this case under 28 U.S.C. §§ 1331 and 1338(a), and this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §§ 1367(a) and 1338(a)-(b).

4. Personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of North Carolina and within the Western District of North Carolina, including without limitation sales of the infringing product within this District. Personal jurisdiction also exists specifically over the Defendant because the infringing acts of the defendant complained of herein occurred, at least in part, within the State of North Carolina and within the Western District of North Carolina.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events or omissions giving rise to the claims occurred in this District, or a substantial part of property that is the subject of this action is situated in this District.

## FACTUAL BACKGROUND

6. On September 18, 2012, U.S. Design Patent D667,241 (the "'241 Design Patent") was duly and legally issued by the U.S. Patent and Trademark Office, naming the inventor as Lillian Winnail. A copy of the '241 Design Patent is attached hereto as Exhibit A.

7. The subject matter of the '241 Design Patent is a novel ornamental design for an infant carrier handle cushion.

8. By virtue of an assignment of the '241 Design Patent from Lillian Winnail to Lily's Loving Arms, LLC, Plaintiff is the current owner of all right, title, and interest in the '241 Design Patent, including the right to sue for all past infringements.

9. Plaintiff develops, produces, distributes and sells infant carrier handle cushions covered by the '241 Design Patent under the trademark Padalily®.

10. In addition to its design patent rights, Plaintiff owns a protectable trade dress (the "Trade Dress") in the distinctive line of Padalily® infant carrier handle cushions, as illustrated in the images appearing at Exhibit B. The Trade Dress is non-functional and consists of a line of

infant carrier handle cushions covered in fabric with distinctive designs and having a strip of faux fur or similar material ("minky") positioned along the vertical axis of the cushion, which cushions attach snugly around an infant carrier handle in an aesthetically-pleasing manner without unattractive bulges or sagging.

11. The Trade Dress is actively marketed and promoted by Plaintiff.

12. The success of Plaintiff's product has been due in part to Plaintiff's marketing and promotional efforts, and the employment of its innovative designs. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its infant carrier handle cushions and their Trade Dress. Furthermore, Plaintiff has won awards honoring the innovative design of the Padalily® handle cushion and was featured in *Parents* magazine.

13. Plaintiff's efforts, the quality of Plaintiff's handle cushions, promotions, and word of mouth have prominently placed Plaintiff's handle cushion, trademark and Trade Dress in the minds of the consuming public. Consumers, purchasers and members of the public have become familiar with Plaintiff's handle cushion, trademark, and Trade Dress, and have come to recognize the handle cushion, trademark and Trade Dress and associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.

14. Defendant is making, using, selling and/or importing into the United States an infant carrier handle cushion that is virtually identical in appearance to Plaintiff's Padalily® handle cushion. Defendant sells its infringing handle cushions under the trademarks Little Luxe and Ritzy Wrap. Exhibit C contains a comparison of images of Defendant's product and Plaintiff's product.

15. Upon information and belief, Defendant has marketed, promoted and sold its infringing handle cushions to the same retail stores with which Plaintiff had been selling its Padalily® handle cushion, but at a fraction of Plaintiff's wholesale price.

16. By these sales, Defendant violated Plaintiff's exclusive rights in the '241 Design Patent and in the Trade Dress.

17. Upon information and belief, Defendant had knowledge of Plaintiff's ownership of the exclusive right to make, sell and import products covered by the '241 Design Patent and the Trade Dress prior to Defendant's making, selling, or importing the infringing handle cushions.

18. Plaintiff has never consented to Defendant's use of its intellectual property.

19. On October 12, 2012, Plaintiff's counsel notified Defendant that its handle cushion infringed the '241 Patent, and demanded that Defendant immediate cease the infringing activity.

20. On October 22, 2012, Defendant responded to Plaintiff's counsel in an email which claimed, in part, that "there is existing prior art as well as the same design being offered for sale to the public well in excess of one year to the filing date . . . ."

21. On November 19, 2012, Plaintiff's counsel sent a correspondence to Defendant which invited Defendant to provide Plaintiff with "documentation to support your contention that this patent is invalid . . . ." Defendant never responded to this last communication from Plaintiff's counsel.

22. Upon information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake and to deceive the consuming public and the public at large as to the source, sponsorship or affiliation of its infringing handle cushion. By its

wrongful conduct, Defendant has traded upon and diminished Plaintiff's goodwill associated with its Padalily® handle cushion.

23. Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION

## (Design Patent Infringement 35 U.S.C. § 271)

24. Upon information and belief, without Plaintiff's authorization, Defendant has made, used, offered to sell, sold, and/or imported into the United States, and continues to make, use, offer to sell, and/or import into the United States, handle cushions having a design that infringes the Plaintiff's '241 Design Patent in violation of 35 U.S.C. § 271.

25. Upon information and belief, Defendant's infringement of the '241 Design Patent has been intentional and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285.

26. Plaintiff has sustained damages from Defendant's infringement of the '241 Design Patent, including damages for lost sales, lost royalties and lost profits.

27. Plaintiff has been and will continue to be irreparably harmed by Defendants infringement of the '241 Design Patent.

## SECOND CAUSE OF ACTION

## (Trade Dress Infringement 15 U.S.C. § 1125(a))

28. Plaintiff hereby realleges the preceding paragraphs as if restated verbatim.

29. Plaintiff established rights in the Trade Dress before Defendant began making, selling or offering for sale its infringing handle cushion.

30. As a result of Plaintiff's continuous use, substantial sales, and widespread distribution in commerce throughout the United States and, more particularly, within the Western District of North Carolina, of its Padalily® handle cushion featuring its distinctive Trade Dress, Plaintiff's Trade Dress has become well-known and accepted by the public and serves to distinguish Plaintiff's goods from those of others.

31. Defendant's marketing and sale of its infringing handle cushion bearing a design and "minky" that is identical or similar to Plaintiff's Trade Dress is likely to cause confusion, to cause mistake, or to deceive the public into believing that Defendant's products and services are offered under Plaintiff's supervision, control or approval.

32. Defendant's acts have been and are being committed with the deliberate purpose and willful intent of appropriating and trading upon Plaintiff's Trade Dress and associated goodwill and reputation.

33. Defendants acts constitute infringement of Plaintiff's right in and to its Trade Dress under 15 U.S.C. § 1125(a).

34. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and is entitled to all remedies available under the Lanham Act, including but not limited to attorneys' fees under 15 U.S.C. § 1117.

35. Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

**THIRD CAUSE OF ACTION**

**(Unfair and Deceptive Trade Practices N.C. Gen. Stat. § 75-1.1)**

36. Plaintiff hereby realleges the preceding paragraphs as if restated verbatim.

37. Defendant's conduct is in or affecting commerce.

38. Defendant's conduct constitutes unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of North Carolina General Statutes § 75-1.1.

39. Defendant's conduct has caused and continues to cause damage to Plaintiff.

40. Plaintiff is entitled to recover from Defendant treble damages pursuant to North Carolina General Statutes § 75-16 and its reasonable attorney's fees pursuant to North Carolina General Statutes § 75-16.1.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that:

1. Defendant Quintessential Tots, LLC and its representatives, employees, and attorneys, and those acting in concert or participation with Quintessential Tots, LLC be preliminarily and permanently enjoined from:

(a) using, making, importing, selling or offering to sell any product that infringes the '241 Design Patent; and

(b) using, making, importing, selling or offering to sell any product that uses Plaintiff's Trade Dress so as to be likely to cause confusion or mistake, or to deceive the public.

2. Defendant be ordered to pay Plaintiff all damages suffered by Plaintiff as a result of the acts complained of herein;

3. Defendant be ordered to pay to Plaintiff all profits made by it using the '241 Design Patent or the Trade Dress;

4. Defendant be ordered to pay Plaintiff all punitive, treble or exemplary damages as provided by law, including treble damages pursuant to N.C. Gen. Stat. § 75-16;

5. Defendant be ordered to pay Plaintiff costs and disbursements incurred in the prosecution of this action, including reasonable attorney's fees, as provided under and in accordance with applicable law including 35 U.S.C. § 285 and N.C. Gen. Stat. § 75-16.1;

6. All issues of fact be tried to a jury; and

7. The Court grant such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of February, 2013.


s/ John C. Nipp<br>
John C. Nipp (N.C. Bar No. 23406)<br>
jnipp@summalaw.com<br>
SUMMA, ADDITON & ASHE, P.A.<br>
11610 N. Community House Rd., Suite 200<br>
Charlotte, NC 28277<br>
Tel: 704-945-6710<br>
Fax: 704-945-6735

*Attorney for Plaintiff*