**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:13-cv-92**

LILY'S LOVING ARMS, LLC, )
)
Plaintiff, )
)
v. )
)
QUINTESSENTIAL TOTS, LLC, )
)
Defendant. )
)

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff Lily's Loving Arms, LLC hereby replies to the corresponding numbered paragraphs of the counterclaims of Defendant Quintessential Tots, LLC, as set forth in the "QT's Defenses and Counterclaims" section of its Answer and Counterclaims as follows :

**QT'S DEFENSES AND COUNTERCLAIMS**

1. Admitted.

2. It is admitted that Lily's is a limited liability company organized and existing under the laws of the State of North Carolina, with a principal place of business in Union County, North Carolina. Except as admitted, the allegations in paragraph 2 are denied.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 3 of Defendant's counterclaim.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 4 of Defendant's counterclaim.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 5 of Defendant's counterclaim.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 6 of Defendant's counterclaim.

## **COUNTERCLAIM COUNT I**

7. Lily's hereby incorporates its responses contained in preceding paragraphs as if restated verbatim.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Plaintiff admits that it argued to the PTO, in part, that its design has "a substantially uniform thickness across its length and directly up against one tab and an opposite tab. The filler material extends all the way across the cushion fabric, and there is little to no fabric forming a loose fold or pinch between a respective tab and an edge of the filler. In a sense, the Applicant claims a tighter cushion with more definition to the edges that meet. This feature gives the cushion an evenly circular shape when the tabs meet. The substantially vertical edges of the cushion proximate the tabs (Figs. 3 and 7) have a tight fit with the fabric covering the cushion and provide two even edges that come together to form a tight circle shown in Figures 8 and 9." Plaintiff further admits that its prior product, known as the LilyPod, which product has been discontinued, does not fit this description in at least that it

cannot be said of the LilyPod that "there is little to no fabric forming a loose fold or pinch between a respective tab and an edge of the filler." Plaintiff further admits that despite its counsel's repeated efforts, both orally and in writing after the filing of this action and before the filing of Defendant's responsive pleading, to educate Defendant about the difference between the LilyPod and the '241 design patent, Defendant willfully, repeatedly and erroneously portrayed the LilyPod as embodying the same design as the '241 design patent in its Answer and Counterclaims. Except as admitted, the allegations in Paragraph 12 of Defendant's counterclaims are denied.

13. Lily's admits that Defendant has, with the exception of the additional text added in brackets, accurately reproduced selectively quoted material from the referenced Amendment and Response to Office Action and Applicant's Appeal Brief. Lily's further admits that said Amendment and Response to Office Action and Applicant's Appeal Brief were submitted in an effort to obtain an issuance of the subject design patent. Except as admitted, the allegations in Paragraph 13 of Defendant's counterclaims are denied.

14. Lily's admits that it is a truism that the hook-and-loop tabs serve the function of allowing the cushion to close around itself, and that this function was never the subject of a design patent claim nor was it argued in support of the issuance of a design patent. Except as admitted, the allegations in Paragraph 14 of Defendant's counterclaims are denied.

15. Lily's denies that a design aspect of a functional component of a given article cannot be claimed as part of a design patent. Except as admitted, the allegations in Paragraph 15 of Defendant's counterclaims are denied.

16. Lily's admits that those associated with the filing and prosecution of the '936 application knew of the duty of candor and good faith in dealing with the PTO. Except as admitted, the allegations in Paragraph 16 of the Defendant's counterclaims are denied.

17. Lily's admits that Exhibit 3 to the counterclaims is a declaration signed by Lillian Winnail, and that said document speaks for itself. Except as admitted, the allegations in Paragraph 17 of the Defendant's counterclaims are denied.

18. Lily's admits that Paragraph 18 accurately restates only a portion of 37 C.F.R. § 1.56(b). Except as admitted, the allegations in Paragraph 18 of Defendant's counterclaims are denied.

19. Lily's admits that arguments were made to the PTO in support of a determination by the PTO that the design patent should issue, and that selected quote from the preamble was submitted as part of the application. Except as admitted, the allegations in Paragraph 19 of Defendant's counterclaims are denied.

20. Denied. See response to Paragraph 12.

21. Denied. See response to Paragraph 12.

22. Lily's admits that the referenced photographs appear to depict the discontinued LilyPod product. Except as admitted, the allegations in Paragraph 22 of Defendant's counterclaims are denied.

23. Lily's admits that the referenced photographs appear to depict the discontinued LilyPod product. Except as admitted, the allegations in Paragraph 23 of Defendant's counterclaim are denied.

.

24. Denied.

25. Lily's admits that the discontinued LilyPod was sold prior to October 23, 2008. Except as admitted, the allegations in Paragraph 25 of Defendant's counterclaims are denied.

26. Denied.

27. Lily's admits that Defendant has accurately quoted a comment posted on blogger.com and that the quoted language speaks for itself. Except as admitted, the allegations in Paragraph 27 of Defendant's counterclaims are denied.

28. Lily's admits that Lillian Winnail was aware when sales of the now-discontinued LilyPod product, which product has a different design from the '241 design patent, commenced. Except as admitted, the allegations in Paragraph 28 of Defendant's counterclaims are denied.

29. Lily's admits that Lillian Winnail was aware when sales of the now-discontinued LilyPod product, which product has a different design from the '241 design patent, commenced. Except as admitted, the allegations in Paragraph 29 of Defendant's counterclaims are denied.

30. Lily's admits that Defendant has accurately quoted a comment on people.com, that Lillian Winnail was aware when sales of the now-discontinued LilyPod commenced, and that said sales of the now-discontinued LilyPod commenced prior to October 23, 2008. Except as admitted, the allegations in Paragraph 30 of Defendant's counterclaims are denied.

31. Lily's admits that the subject design patent application was filed on October 23, 2009, that the '241 design patent issued on September 18, 2012, and that the LilyPod trademark was not registered with the PTO. Except as admitted, the allegations in Paragraph 31 of Defendant's counterclaims are denied.

32. Denied.

33. Lily's admits that it publicly disclosed now-discontinued LilyPod handle cushions on its own website, www.thelilypod.com, at least as early as February 6, 2008, which was more than eight months before the '241 design patent's critical date of October 23, 2008, and that the LilyPod embodies a different design from the '241 design patent. Except as admitted, the allegations in Paragraph 33 of Defendant's counterclaims are denied.

34. Lily's admits that Lillian Winnail was aware when sales of the now-discontinued LilyPod commenced, and that said sales of the now-discontinued LilyPod commenced prior to October 23, 2008. Except as admitted, the allegations in Paragraph 34 of Defendant's counterclaims are denied.

35. Lily's admits that Lillian Winnail was aware when sales of the now-discontinued LilyPod commenced, and that said sales of the now-discontinued LilyPod commenced prior to October 23, 2008. Except as admitted, the allegations in Paragraph 35 of Defendant's counterclaims are denied.

36. Lily's admits that it now sells a product embodying the design features of the '241 design patent, which product is called "Padalily." Except as admitted, the allegations in Paragraph 36 of Defendant's counterclaims are denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted.

42. Lily's admits that the IDS does not specifically identify the LilyPod product. Except as admitted, the allegations in Paragraph 42 of Defendant's counterclaims are denied.

43. Lily's admits that the IDS does not specifically identify the LilyPod product. Except as admitted, the allegations in Paragraph 43 of Defendant's counterclaims are denied.

44. Denied.

## **COUNTERCLAIM COUNT II**

45. Lily's hereby incorporates its responses contained in preceding paragraphs as if restated verbatim.

46. Denied.

47. Denied.

48. Denied.

49. Admitted.

50. Denied.

## **COUNTERCLAIM COUNT III**

51. Lily's hereby incorporates its responses contained in preceding paragraphs as if restated verbatim.

52. Admitted.

53. Denied.

54. Admitted.

55. Denied.

## **PRAYER FOR RELIEF**

Plaintiff denies that Quintessential Tots, LLC is entitled to any of the requested relief in paragraphs (a) through (d) of the Prayer for Relief section of Defendant's Answer and Counterclaims. Plaintiff requests that Defendant's counterclaims be dismissed with prejudice and that Defendant be required to pay the costs of this action, including Plaintiff's reasonable

attorneys' fees pursuant to 35 U.S.C. § 285. Plaintiff requests that Defendant's counterclaims be tried to a jury.

Respectfully submitted this 6th day of May, 2013.

s/ John C. Nipp
John C. Nipp (N.C. Bar No. 23406)
jnipp@summalaw.com
SUMMA, ADDITON & ASHE, P.A.
11610 N. Community House Rd., Suite 200
Charlotte, NC 28277
Tel: 704-945-6710
Fax: 704-945-6735

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2013, I electronically filed the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS with the Clerk of Court using the CM/ECF system, which sent notification of such filing all counsel of record for the Defendant.

This the 6th day of May, 2013.

s/John C. Nipp
John C. Nipp

*Attorney for Plaintiff*